___ FILED      ___ LODGED
✓ RECEIVED   ___ COPY

JUN 0 7 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

No. 3:03-Cr-355-PCT-RCB-4 (D-ARIZ)

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

CV 13-8149-PCT-RCB
DKD

UNITED STATES OF AMERICA

vs.

Branden Bruce Pete

## MOTION FOR APPOINTMENT OF COUNSEL
## PURSUANT TO 18 U.S.C § 3006A

JON M. SANDS
Federal Public Defender
District of Arizona

Keith J. Hilzendeger,
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2700 voice
(602) 382-2800 facsimile
Branden Pete @fd.org

Branden Pete is a federal prisoner who was tired as an adult and sentenced in June 15, 2006 to life without parole for second-degree murder, a crime he committed when he was a juvenile. Under federal law, the sentence was mandatory. See 18 U.S.C. §§ 1111 (b) (available sentences for first-degree murder are either life without parole or death), 3591(a) (juveniles may not be sentenced to death in federal court). This mandatory life-without-parole sentence was imposed in violation of *Miller V. Alabama*, 132 S.Ct. 2455 (2012), a retroactively applicable new rule of law that **requires** Mr. Pete to be resentenced. He therefore has filed a motion for authorization to file a second or successive motion under 28 U.S.C. § 2255 in which he seeks authorization to raise his *Miller* claim in district court. As the financial Affidavit attached hereto as Exhibit A explains, Mr. Pete cannot afford to hire private counsel to represent him in connection with this motion, his successive § 2255 motion in district court, or the resentencing to which he is entitled under *Miller*. For the reasons set forth below, Mr. Pete respectfully requests that the Court appoint the Office of the Federal Public Defender for the District of Arizona to represent him in connection with the proceeding in this Court and in the district court. This Court has the discretion to do so under the Criminal Justice Act, 18 U.S.C. § 3006A, and the CJA Plan for the District of Arizona

(1)

1.  Branden Pete is eligible for appointed counsel under the Criminal Justice Act, the CJA Plan for the District of Arizona, and applicable law.

If this Court determines that "the interests of justice so require," it may appoint counsel for "any financially eligible person who is seeking relief under section... 2255 of title 28." 18 U.S.C § 3006A (a)(2)(B). The CJA Plan for the District of Arizona in turn provides that "[r]epresentation must be provided for all eligible person under... 18 U.S.C. § 3006A." CJA Plan for the District of Arizona Part IV. A. 1 (adopted by D. Ariz. Gen. Ord. 07-08) In deciding whether to appoint counsel in a postconviction proceeding, the Court generally should "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claim *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per *curiam*).

Here the requirements for appointment of counsel under the Criminal Justice Act are satisfied. Mr. Pete is financially eligible, as the financial Affidavit attached hereto as Exhibit A demonstrates. Mr. Pete is seeking relief under 28 U.S.C § 2255, and relief is available to him because "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment open to collateral attack." 28 U.S.C. § 2255 (b). Specifically, Mr. Pete was sentenced

(2)

to a mandatory term of life without parole after being convicted as an adult of second-degree murder. Because the sentence was mandatory, it was imposed in violation of *Miller, see* 132 S. Ct. at 2469. And *Miller* applies retroactively to cases final on direct review, as Mr. Pete explains below. Finally, the interests of justice" require that counsel be appointed, because Mr. Pete is likely to prevail on his *Miller* claim and obtain resentencing pursuant to 28 U.S.C. § 2255(a) — provided that he has the assistance of counsel.

2.   Branden Pete's *Miller* claim is likely to succeed if counsel is appointed.

Mr. Pete *Miller* claim is likely to succeed if counsel is appointed. Mr. Pete was sentenced to life without parole for second-degree murder, a crime he committed when he was a juvenile. *Miller* forbids such a sentencing scheme. *See* 132 S. Ct. at 2469. Therefore, Mr. Pete is entitled to resentencing, and the district court has authority under 28 U.S.C. § 2255(b) to vacate his current sentence and resentence him as *Miller* requires.

In order to obtain resentencing, Mr. Pete must also demonstrate that *Miller* applies retroactively to his case This showing is required both so that this Court may authorize him to proceed in district court, *see* 28 U.S.C §§ 2255(h)(2), and so that the district court has jurisdiction to grant relief under § 2255(a), *see* 28 U.S.C. § 2244(b)(4); *Burton v. Stewart,* 549 U.S. 147, 153 (2007) (*per curiam*). The Supreme Court has made *Miller* –

(3)

retroactive to cases on collateral review through a two-step process. *See Tyler v. Cain*, 533 U.S. 656, 666 (2001). Under *Teague v. Lane*, 489 U.S. 288 (1989), new categorical exemption from certain kinds of punishment apply retroactively to cases on collateral review. *See Penry v. Lynaugh*, 492 U.S. 302, 329-30 (1989), overruled on other grounds by *Atkins v. Virginia*, 536 U.S. 304 (2002). *Miller* is a categorical exemption for juvenile offenders from a mandatory sentence of life without parole. *See* 132 S. Ct. at 2469; *see also Graham v. Florida*, 130 S. Ct. 2011, 2022-23 (2010) (describing the challenge as categorical). Thus the Supreme Court has made *Miller* retroactive to Mr. Pete's case, such that this Court may authorize Mr. Pete to proceed in district court and the district court will likely resentence Mr. Pete as *Miller* requires.

Moreover, appointment of counsel to assist Mr. Pete with this successive § 2255 motion (including his request for authorization) will faciliate Mr. Pete's Sixth Amendment right to counsel at the resentencing hearing. *See United States v. Robinson*, 913 F.2d 712, 718 (9th Cir. 1990) (citing *Menefield v. Borg*, 881 F.2d 696, 698 (9th Cir. 1989) (holding that resentencing is a "critical stage" at which the Sixth Amendment right to counsel attaches). Mr. Pete's right to resentencing under *Miller* is clear. Mr. Pete is entitled to appointment of counsel at resentencing under 18 U.S.C. § 3006A(a)(1)(H) because the Sixth Amendment requires it. But the only way that Mr. Pete will get the resentencing

(4)

to which *Miller* entitles him is to have his present sentence vacated under § 2255(b). For Mr. Pete to be left to "proceed without counsel in order to obtain counsel thus would expose him to a substantial risk that his habeas claim [ ] would never be heard on the merits" because of the substantial procedural obstacle — in the form of the second-or-successive motion bar of § 2255(h) - that stands between him and a *Miller* resentencing hearing. *McFarland v. Scott, 512 U.S. 849, 856 (1994).* Accordingly, because Mr. Pete has a constitutional right to counsel at the *Miller* resentencing hearing, it is in the interests of justice to appoint him counsel to assist with the § 2255 proceeding - in both this Court and the district court - that are a necessary prelude to the resentencing.

**Branden Pete requires the assistance of appointed counsel.**

Mr. Pete is indigent, incarcerated, and has no more than a high school equivalency certificate. He therefore is not able to effectively represent himself. This document and the others filed with it were prepared with the assistance of Jon M. Sands, Assistant federal Public Defender, whose declaration is attached hereto as Exhibit B. These documents therefore do not reflect Mr. Pete ability to represent himself effectively. Moreover, the issues raised in Mr. Pete's motion are complex, involving the complex procedural obstacles involved in presenting a successive § 2255 motion.

*Cf. Murray v. Giarratano,* 492 U.S. 1, 14 (1989) (observing that the "complexity of [ the Supreme Courts' habeas] jurisprudence.... makes it unlikely that" prisoners will be able to " file successful petitions for collateral relief without the assistance of persons learned in the law"). A thorough development of the arguments relating to these important issues through adversary presentations by trained counsel will assist both this Court and the district court in reaching a sound and informed decision.

## Conclusion

   Mr. Pete is likely to suceed in having his mandatory life - without - parole sentence set aside under § 2255(a), but only with the application of legal skill that Mr. Pete does not possess. For these reasons, and pursuant to the Criminal Justice Act, the CJA plan for the District of Arizona, and applicable case law, Mr. Pete respectfully requests that the Court appoint the Office of the federal Public Defender for the District of Arizona to represent him before this Court and the district court in connection with his successive § 2255 motion.

# CERTIFICATE OF SERVICE

Respectfully submitted:

JON M. SANDs
FEDERAL PUBLIC DEFENDER

KEITH J. HILZENDEGER
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEYs FOR MOVANT

I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT AND THAT THIS
MOTION FOR APPOINTMENT OF COUNSEL PURSUANT
TO 18 U.S.C § 300A WAS PLACED IN THE
PRISON MAILING SYSTEM ON 5/31/2013

Braden Pete
SIGNATURE OF MOVANT

(7)