JOHN S. LEONARDO
United States Attorney
District of Arizona
VINCENT Q. KIRBY
Assistant U.S. Attorney
Arizona State Bar No. 06377
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: Vincent.Kirby@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Movant,<br><br>          vs.<br><br>Branden Pete,<br><br>                    Respondent. | CV-13-08149-PCT-RCB (DKD)<br>CR-03-0355-PCT-RCB<br><br>**GOVERNMENT'S RESPONSE TO PETITIONER'S AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

The United States Attorney, by and through undersigned counsel, agrees to the resentencing of defendant under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) which prohibits juveniles from facing *mandatory* life sentences but holds the sentencing court retains the discretion to again impose life sentences if appropriate.  Defendant was sixteen years of age at the time of the sexual assault/murder and was sentenced to mandatory life imprisonment on counts 2 and 4.  He was also sentenced to life imprisonment for counts 1 and 3 which did not mandate a life sentence.  This response is based on the attached Memorandum of Points and Authorities.

Respectfully submitted this 22nd day of November, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

 *s/Vincent Q. Kirby*
VINCENT Q. KIRBY
Assistant U.S. Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **Issue Presented**

On August 26, 2013, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 seeking resentencing under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) which prohibits juveniles from facing mandatory life sentences. The government does not oppose this Motion since defendant was sixteen years of age at the time of the murder. He is currently confined at USP Florence, Colorado.

II. **Nature of the Case; Course of Proceedings**.[1]

Hoskie James, Harris James and Irvin Cepi were initially charged by Complaint on March 10, 2003. (CR 1.) On April 8, 2003, an Indictment charged the three with Count One Murder, First Degree, Count Two Felony Murder - Kidnaping, Count Three Kidnaping, Count Four Felony Murder - Aggravated Sexual Abuse, Count Five Aggravated Sexual Abuse, Count Six Aggravated Sexual Abuse Resulting in Death and Count Seven Conspiracy to Commit Murder. (CR 27.)

Co-defendants Hoskie and Harris James later plead guilty to reduced charges and agreed to testify at trial. (CR 83.) The third adult defendant, Irvin Cepi, was convicted of First Degree Murder as well as all other counts and was sentenced to life imprisonment. (CR 90, 114.)

---

[1] CR refers to the criminal docket.

Defendant, who was initially charged as a juvenile and later ordered transferred to adult status, was added by way of a superseding Indictment on March 30, 2005. (CR 152.) He later filed a motion to suppress his statements and challenged the voluntariness of his statements. (CR 172.) The government responded and an evidentiary hearing was held on August 16, 2005. (CR 173, 186.) The motions were denied. (CR 210.)

Jury trial commenced on October 25, 2005. (CR 245.) Defendant was subsequently found guilty of Count One, the lesser included offense of Second Degree Murder, Count Two Felony Murder - Kidnaping, Count Three Kidnaping, Count Four Felony Murder - Aggravated Sexual Abuse, Count Five Aggravated Sexual Abuse, Count Six Aggravated Sexual Abuse Resulting in Death and Count Seven Conspiracy to Commit Murder. (CR 251.) He was later sentenced to life imprisonment on Counts one, two, four and seven to run concurrently, with a 5-year term of supervised release to follow; assessed $400 and ordered to pay restitution of $4,688.04. (CR 302.)

Defendant appealed his conviction which was affirmed on May 8, 2008. His petition for writ of certiorari was denied by the Supreme Court on October 6, 2008. He has not filed a previous Motion pursuant to 18 U.S.C. §2255.

**B.** **Statement of Facts.**[2]

On May 18, 2002, the last day she was seen by her family, Charlotte Brown was hitchhiking on the Navajo Indian Reservation, along Route 264 near Steamboat, AZ. (RT

---

[2] RT refers to the trial transcript.

10/26/05 19, 52-3.)  Defendant along with Hoskie James, his son Harris and Irvin Cepi gave her a ride.  (RT 10/26/05 54.)  They soon turned off on a back road and at some point stopped the car and everyone exited.  (RT 10/26/05 57.)  As they stood around someone said "let's go rape her."  (RT 10/26/05 58.)  Defendant grabbed her, took her to the ground and ripped off her clothing.  (RT 10/26/05 58-9.) With the victim being held by co-defendant Irvin Cepi, defendant forced sexual intercourse on her.  (RT 10/26/05 59-61.)   Once he finished, he held her down while Cepi climbed on top of her and engaged in sexual intercourse,  followed by Hoskie James and then Harris James.  (RT 10/26/05 61-63.)

Defendant told her to get into the car, which she did, despite the fact that she was naked.  (RT 10/26/05 61.)  As they drove, someone said to kill her because she was going to tell on them.  (RT 10/26/05 64.)  They stopped at another location at which time defendant told the victim to get out of the car and lay on the ground.  (RT 10/26/05 65-6.) She pleaded, "please don't kill me," but Harris James held her legs and defendant held her as well, as Cepi picked up a foot and a half size rock and threw it on Charlotte's head. (RT 10/26/05 66-7.)  She was struck in the face and bled profusely but was still breathing.  (RT 10/26/05 67.)  Harris got scared and walked away but defendant grabbed another rock, and told Harris to throw it but he refused.  Defendant, with the rock above his head, brought it down on her face.  (RT 10/26/05 68-9.)

She was then dragged by defendant and Cepi to a ditch where she was entombed under a pile of rocks.  (RT 10/26/05 69.)  They took her clothing and left.  (RT 10/26/05

71.)  Later, at defendant's direction, the victim's clothing was set afire.  (RT 10/26/05 72.)

The crime went unreported until the FBI received information in August of 2002. (RT 10/27/05 9.)  Hoskie James was interviewed first on August 21, 2002, followed by Harris James and defendant.  (RT 10/27/10.)   Based on information provided, investigators traveled to a remote area near Jeddito, Arizona on the Navajo Reservation.  (RT 10/26/05 112.)  On this occasion, what was believed to be a human pelvis was recovered.  (RT 10/26/05 113.)  After an analysis confirmed that it was human, investigators returned to the site and based on a strong odor of decomposition found and recovered remnants of bone and hair, skull fragments and part of a jawbone with teeth.  (RT 10/26/05 114, 124, 127.)  An earring recovered in the hair was later identified as the victim's.  (RT 10/26/05 157, 27-8.)  Mitochondrial DNA analysis confirmed that remains belonged to an individual related to the victim's mother and siblings.  (RT 10/26/05 174.)

The cause of death was ruled blunt force trauma to the head based on the medical examiner's analysis of her fractured skull fragments.  (RT 10/27/05 99-103.)

Defendant later confessed that he was with the others when they picked up the victim, later stopped the car, and each raped her.  (RT 10/27/05 34-6.)  He also reported that after the sexual assault, the victim threatened to tell the cops what had happened.  (RT 10/27/05 36.)  Defendant claimed that co-defendant Cepi came up with the idea to kill her and that defendant hit her with a rock, as did Cepi, and then they dragged her to a ditch.  (RT 10/27/05 37.)

IV. **Argument**

Petitioner is seeking relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which holds that juveniles should not automatically face mandatory life sentences.  Since the defendant was sixteen years of age at the time of the murder, the Department of Justice agrees that *Miller* is retroactive, applicable to the defendant and will not oppose defendant's request to be resentenced on an open record.  *United States v. Mathews*, 278 F.3d 880, 885 (9th Cir. 2002).

Respectfully submitted this 22nd day of November, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Vincent Q. Kirby*
VINCENT Q. KIRBY
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22nd 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daniel Drake